**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1956
_____

UNITED STATES OF AMERICA

v.

SUZANNE RAY KING,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1:22-cr-00006-001)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 7, 2025

Before: MATEY, FREEMAN, and ROTH, *Circuit Judges.*

(Filed: June 6, 2025)
_____

OPINION*
_____

_____

    *This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not
constitute binding precedent.

MATEY, *Circuit Judge*.

Suzanne King pleaded guilty to possessing a firearm in violation of 18 U.S.C. § 922(g)(1). She now appeals her sentence, contending that § 922(g)(1) is unconstitutional. But King waived her Second Amendment challenge, so we will affirm.

**I.**

While officers responded to a domestic dispute at King's home, King stashed multiple firearms at her place of work. She left a note for her employer: "Please take care of these for me. Don't call the cops." App. 84. A grand jury later indicted King for possessing 1) a firearm in violation of 18 U.S.C. § 922(g)(1) following her prior felony conviction, and 2) a transferred firearm not registered in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. § 5861(d).

King eventually decided to plead guilty to these charges. At her plea hearing, the District Court asked whether King needed time to review this Court's first decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024). King's counsel responded that "consistent with [his] advice, Suzanne King is choosing to not litigate Second Amendment issues, even though the prior—that is the prior that puts her in count one, is the possession with intent to deliver; the substance being roughly a quarter pound of marijuana." App. 31. And when asked if she had "discussed the recent changes in the law or the recent application of the law regarding a felon in possession of a firearm," King responded "[y]es." App. 39. King reaffirmed this position in her sentencing memorandum, choosing to accept responsibility despite her view that her conduct may be constitutionally protected in the light of recent

developments in Supreme Court and Third Circuit jurisprudence. The District Court sentenced King to eighteen months' imprisonment followed by a three-year term of supervised release.

## II.

King now argues § 922(g)(1) is facially unconstitutional,[1] but "we cannot reach waived arguments." *United States v. Davis*, 105 F.4th 541, 547 (3d Cir. 2024). "Waiver is the 'intentional relinquishment or abandonment of a known right.'" *United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). That is the case here, as King repeatedly renounced any Second Amendment challenge. King's waiver arises not from the entry of her plea, *see Class v. United States*, 583 U.S. 174, 178 (2018), but from her expressed intent to forgo a constitutional defense, *see Khadr v. United States*, 67 F.4th 413, 420–21 (D.C. Cir. 2023). Nor does the fundamental nature of the Second Amendment change our analysis since "even constitutional objections may be waived by a failure to raise them at a proper time." *Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 (1967); *see Yakus v. United States*, 321 U.S. 414, 444 (1944).

Given King's waiver, we will affirm the District Court's judgment.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Questions of waiver are reviewed de novo. *In re RFE Indus., Inc.*, 283 F.3d 159, 164 (3d Cir. 2002).